IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KAREN JONES,** ) | |
| **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 07-2220-KHV** |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY/KANSAS** ) | |
| **CITY, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

Karen Jones sues the Unified Government of Wyandotte County/Kansas City, Kansas for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On February 13, 2008, defendant filed a motion for summary judgment. See Doc. #27. Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had 23 days, until March 7, 2008, to respond. Plaintiff filed a response on March 17, 2008, ten days after the time prescribed by D. Kan. Rule 6.1(d)(2). See Doc. #30. On March 31, 2008, the Court ordered plaintiff to show cause in writing why the Court should not sustain defendant's motion for summary judgment as unopposed under D. Kan. Rule 7.4. See Doc. #31.

In response to the show cause order, plaintiff provides the following chronology of events:

(1)     Plaintiff's counsel inadvertently calendered the response date as Friday, March 14, 2008, instead of Friday, March 7, 2008.

(2)     On the afternoon of March 12, 2008, plaintiff's counsel asked defense counsel to agree to an extension of time for plaintiff to respond to the summary judgment motion. An hour and a half later, plaintiff's counsel realized that he may have already missed the response time and notified defense counsel.

(3) On March 13, 2008, defense counsel informed plaintiff's counsel that defendant would not object if plaintiff filed a response by March 17, 2008.

See Plaintiff's Response To Order To Show Cause (Doc. #32) filed March 31, 2008 at 1-2.

Plaintiff asks the Court to allow the late filing because (1) it was due to inadvertent error; (2) counsel acted in good faith; and (3) the delay will not prejudice defendant or these proceedings. Under Rule 7.4, the failure to file a timely response constitutes waiver of the right to thereafter file such response except upon showing of excusable neglect. D. Kan. Rule 7.4. Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). On the other hand, inadvertence, ignorance of rules or mistakes construing rules do not usually constitute excusable neglect. See id. In determining whether plaintiff has shown excusable neglect, the Courts considers all relevant circumstances including (1) the danger of prejudice to defendant, (2) the length of delay and its potential impact on the proceedings, (3) the reason for delay, including whether it was within plaintiff's reasonable control and (4) whether plaintiff acted in good faith. See id. at 395. Considering these factors, the Court finds that the delay was entirely within the control of plaintiff's counsel. On the other hand, the delay has caused no prejudice to defendant and no material delay of the proceedings. Likewise, the Court has no reason to believe that plaintiff or her attorney acted in bad faith.[1] On this occasion, because the delay was relatively short and occasioned no prejudice to opposing parties or the judicial process, the Court will not

---

[1] Upon realizing that he had missed the response time, plaintiff's counsel should have immediately brought the matter to the Court's attention and asked for an extension of time to respond. Merely obtaining defense counsel's consent is insufficient. See D. Kan. 6.1(a) (stipulations for extension of time subject to court approval).

disregard plaintiff's response.[2]

Plaintiff's response cites portions of deposition testimony which are not included in the record before the Court. See Plaintiff's Suggestions In Opposition To Defendant's Motion For Summary Judgment (Doc. #30) filed March 17, 2007.[3] D. Kan. Rule 56.1(d) provides as follows:

> All facts on which a motion or opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answer to interrogatories and responses to requests for admissions. . . . Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached.

D. Kan. Rule 56.1(d). On or before **April 14, 2008,** plaintiff shall provide proper support for her record citations.[4]

**IT IS THEREFORE ORDERED** that the Court will not sustain defendant's motion for summary judgment as unopposed under D. Kan. Rule 7.4.

**IT IS FURTHER ORDERED** that on or before **April 14, 2008,** plaintiff provide proper support for her record citations. Without further notice, the Court will disregard any citations which the record does not support.

Dated this 9th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil

---

[2] The Court will rule on the merits of said motion by separate order.

[3] In support of her response, plaintiff provides no independent exhibits. Instead, she relies on exhibits filed by defendant. To the extent defendant's exhibits contain the relevant information, plaintiff's approach is acceptable. In at least three instances, however, plaintiff cites pages of deposition testimony which are not included in defendant's exhibits. See id. ¶¶ 19, 20, 42.

[4] The Court has not conducted an exhaustive review of plaintiff's record citations. Plaintiff is responsible to review her citations and ensure that the record properly supports them.

United States District Judge